**WO** JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randy Carl Eiland, | No. CV-24-00781-PHX-MTL (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| T. Mendez, et al., | |
| Defendants. | |

On April 8, 2024, Plaintiff Randy Carl Eiland, who is confined in the Saguaro Correctional Center (SCC) and proceeding in forma pauperis, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. In a December 18, 2024 Order, the Court dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On January 16, 2025, Plaintiff filed a First Amended Complaint. In a February 10, 2025 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On March 17, 2025, Plaintiff filed a Second Amended Complaint (Doc. 12). The Court will dismiss the Second Amended Complaint and this action.

. . . .

. . . .

**I. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

**II.     Second Amended Complaint**

In his two-count Second Amended Complaint, Plaintiff sues Disciplinary Hearing Officers Tad Mendez and A. Morrow.  Plaintiff asserts claims regarding his disciplinary proceedings.  He seeks nominal, actual, and punitive damages.

In Count One, Plaintiff alleges that on November 30, 2022, he received an Idaho Department of Correction Restrictive Housing Order and an Idaho Department of Correction Offense Report for violating "77 Violence 1 (CLASS A1)."  On December 5, 2022, Defendant Mendez conducted a prison disciplinary hearing.  Plaintiff claims Defendant Mendez violated Plaintiff's Fourteenth Amendment right to procedural due process by not giving Plaintiff 24 hours' notice before the hearing; not allowing Plaintiff the right to call witnesses, present or have witness statements, or present evidence or have video evidence present during the hearing; not providing Plaintiff with Mendez's Finding and Decision; and finding Plaintiff guilty of the violation with no evidence to support the decision.

In Count Two, Plaintiff alleges that on January 3, 2023, he received an Idaho Department of Correction Offense Report for violating "78 Violence 2 (CLASS B)."  On January 11, 2023, Defendant Morrow conducted a disciplinary hearing.  Plaintiff claims Defendant Morrow violated Plaintiff's Fourteenth Amendment right to procedural due process by not giving Plaintiff 24 hours' notice before the hearing; not allowing Plaintiff the right to call witnesses, present or have witness statements, or present evidence or have video evidence present during the hearing; not providing Plaintiff with Morrow's Finding and Decision; and finding Plaintiff guilty of the violation with no evidence to support the decision.

As his injury for both Counts, Plaintiff alleges he was wrongfully placed in the segregation unit, and he "has a liberty interest in not being wrongfully charged with a felony (first degree ass[au]lt) that could and/or would extend Plaintiff's prison sentence."

**III.    Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants

(2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In analyzing a due process claim regarding a prison disciplinary proceeding, the Court must first decide whether Plaintiff was entitled to any process, and if so, whether he was denied any constitutionally required procedural safeguard. Liberty interests that a prisoner to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted).

"[A] liberty interest in avoiding particular conditions of confinement may arise from state policies or regulations, subject to the important limitations set forth in *Sandin*." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "Three guideposts cited in *Sandin*'s analysis [] provide a helpful framework" for determining whether a prison hardship is atypical and significant: "1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003). Thus, "the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations

regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'" *Wilkinson*, 545 U.S. at 223 (quoting *Sandin*, 515 U.S. at 484). A prisoner has no liberty interest protecting him from a condition that does not "present a dramatic departure from the basic conditions of [the prisoner's] sentence." *Sandin*, 515 U.S. at 485. On the other hand, a condition that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" may create a liberty interest in avoiding that condition. *Id.* at 484.

Plaintiff cannot state a due process claim based solely on the initiation of a disciplinary proceeding, even a purportedly false disciplinary charge. The filing of a false disciplinary charge by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. *See Muhammad v. Rubia*, No. C 08-3209 JSW (PR), 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010), *aff'd*, 453 F. App'x 751 (9th Cir. 2011). This is because "a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983." *Id.*

As in his original and First Amended Complaint, Plaintiff does not state the sanctions he received for his disciplinary convictions, other than placement in segregation. To the extent that Plaintiff was placed in administrative segregation, that does not amount to an atypical and significant hardship. *See Ramirez*, 334 F.3d at 861. But the duration and nature of the conditions in *disciplinary* segregation are relevant to determining whether the sanctions implicate due process protections. *Id.* Plaintiff fails to allege facts to support that he was indefinitely placed in disciplinary segregation or subjected to conditions there that amounted to atypical and significant hardships in relation to the ordinary incidents of confinement. Therefore, Plaintiff fails to state a claim in the Second Amended Complaint, and it will be dismissed.

**IV.   Dismissal without Leave to Amend**

Although leave to amend should be freely granted, particularly where a plaintiff is

proceeding pro se, the Court has given Plaintiff notice of the deficiencies of his claims and two opportunities to effectively amend his claims. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (before dismissing a pro se complaint, the district court must provide the litigant notice of the deficiencies to allow the litigant an opportunity to amend effectively). "Leave to amend may be denied when a plaintiff has demonstrated a 'repeated failure to cure deficiencies by amendments previously allowed.'" *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1183 (9th Cir. 2016) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)) (emphasis added); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) ("A district court may deny a plaintiff leave to amend … if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies") (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (a district court's discretion to deny leave to amend is "particularly broad" where the plaintiff has previously amended his complaint) (quoting *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002)).

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) The Second Amended Complaint (Doc. 12) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

. . . .

. . . .

. . . .

(3) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 5th day of June, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge